## Case No. 11,317.

### POTOMAC CO. v. GILMAN.

[2 Cranch, C. C. 243.] [1]

Circuit Court, District of Columbia. May Term, 1821.

SECURITY FOR COSTS — RESIDENT OFFICER OF FOREIGN CORPORATION.

A corporation aggregate, whose president and treasurer reside in this district, cannot be compelled to give security for costs, as being non-resident plaintiffs.

The defendant [E. Gilman] had obtained a rule on the plaintiffs to give security for costs under the act of Virginia of the 19th of December, 1792 (section 23). The clerk objected to swearing the jury until security should be given.

THE COURT, without argument, decided (nem. con.) that the rule could not be laid in such a case. The president and treasurer of the company reside in this district, and the company may be sued here.

## Case No. 11,318.

### POTOMAC CO. v. UNION BANK.

[3 Cranch, C. C. 101.] [1]

Circuit Court, District of Columbia. May, 1827.

INTEREST—RECOVERY AFTER PAYMENT OF PRINCIPAL.

After the plaintiff has received the principal debt, he cannot recover the interest in an action for principal and interest.

Assumpsit for money had and received. The defendants had refused to pay money deposited by the plaintiffs, whereby the defendants had incurred the penalty of twelve per cent. interest for 106 days, at the end of which period they paid the actual sum deposited with simple interest at six per cent. The balance claimed was $210.49. But before the defendants paid the deposit, the plaintiffs brought suit for the whole deposit, with twelve per cent. interest. The defendants refused to pay the twelve per cent., but paid the principal, which the plaintiffs received.

R. S. Coxe, for defendants, cited Tillotson v. Preston, 3 Johns. 229, and prayed the court to instruct the jury that if they should be satisfied, by the evidence, that the payment was made by the defendants, as and for the principal, the plaintiffs cannot recover the interest in this form of action.

Mr. Jones, and Mr. Key, for plaintiffs, admitted this to be the rule of law, and THE COURT gave no opinion.

By the act of congress of March 2, 1821 (3 Stat. 618), "To extend the charters of certain banks in the District of Columbia," if the bank refuses to pay a deposit, on demand, the depositor is "entitled to receive and recover interest on the same at the rate of twelve per cent. per annum."

---

POTOMSKA MILLS CORP. (DRAPER v.). See Case No. 4,072.

POTOWMACK CO. (BROOKE v.). See Case No. 1,935.

---

## Case No. 11,319.

### POTT et al. v. ARTHUR.

[15 Blatchf. 314.] [1]

Circuit Court, S. D. New York. Oct. 24, 1878.

SUIT TO RECOVER BACK CUSTOMS DUTIES—BILL OF PARTICULARS—AMENDMENT.

Under section 3012 of the Revised Statutes of the United States, construed in connection with section 954, this court has power, in a suit for the recovery of duties alleged to have been erroneously or illegally exacted by a collector of customs, to allow a bill of particulars to be served after the expiration of thirty days after notice of the appearance of the defendant, and to allow a defective bill of particulars to be amended.

[Cited in Dieckerhoff v. Robertson, 29 Fed. 781; Rickard v. Barney, 32 Fed. 582; Castner v. Magone, Id. 579; Sherman v. Hedden, Id. 757.]

[This was an action by James Potts and others against Chester A. Arthur, collector of the port of New York, to recover back duties paid on certain books.]

Hartley & Coleman, for plaintiffs.

J. Dana Jones, Asst. Dist. Atty., for defendant.

BLATCHFORD, Circuit Judge. I think that section 3012 of the Revised Statutes must be construed in connection with section 954, and that it is directory merely. Where jurisdiction of a cause is acquired by a court, whether one of general jurisdiction or one proceeding under a special statute, the well settled rule is, that the time fixed by statute for the performance of intermediate steps is to be regarded as directory merely, and that an omission to perform one or more of them in time will not render the whole proceeding abortive. In re Empire City Bank, 18 N. Y. 199, 220; People v. Cook, 8 N. Y. 67, 92; Dwar. St. (Am. Ed. 1871) p. 222, note 29, and cases there collected. The court has the same power. notwithstanding the provisions of section 3012, in a suit for the recovery of duties alleged to have been erroneously or illegally exacted by a collector of customs, that it has in any other suit, to allow a bill of particulars of the plaintiff's demand to be served after the expiration of thirty days after notice of the appearance of the defendant, and to allow a defective bill of particulars to be amended. The question in each case presented is, whether proper

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

ground is shown for the exercise of the discretion of the court.

In the present case, the bill of particulars of June 3d, 1875, seems to contain all the particulars required by section 3012, except the dates of the invoices. It was received and retained by the defendant's attorney without any notice that it would not be accepted as sufficient, or because served too late, and the defendant's attorney subsequently treated the action as one to be tried, and one in which the proper bill of particulars had been served in time, by serving a notice of trial. The defendant's motion to enter judgment of non pros. against the plaintiffs is denied, with leave to the plaintiffs to serve an amended bill of particulars, containing the dates of the invoices, if desired.

[In this case there was a judgment in favor of the defendant, which was affirmed by the supreme court in error. 104 U. S. 735.]

POTT (YOUNG v.). See Case No. 18,172.

POTTAWATTAMIE COUNTY (UNION PACIFIC R. CO. v.). See Case No. 14,384.

## Case No. 11,320.

### In re POTTEIGER.

[5 Reporter, 137.] [1]

Circuit Court, E. D. Pennsylvania. Jan. 4, 1868.

DISCHARGE—LONG DELAY IN APPLICATION.

Where a bankrupt neglects for an unreasonably long time to apply for his discharge, the circumstance that the assignee has not filed a return of no assets will not cure the laches, where no active step has been taken in the bankruptcy proceedings for a long time.

[Appeal from the district court of the United States for the Eastern district of Pennsylvania.]

Potteiger was adjudged a bankrupt on creditors' petition, and in default of appearance, February 17, 1868. No assets came to the hands of the assignee, and he so returned after the filing of the present petition. On February 12, 1877, the bankrupt petitioned for his discharge, and the register reported that the grounds stated in the petition for the adjudication were untrue, and recommended the discharge. The district court refused the discharge on the ground of laches. [Case unreported.]

G. T. Bispham, for bankrupt, appellant. The time within which application for discharge may be made is regulated by Rev. St. § 5108, as amended by Act July 26, 1876 [19 Stat. 102]. "Final disposition of the cause" means, where there are assets, after final settlement; where there are none, after the assignee's return to that effect. Under section 5092, if the assignee neglect to call a meeting at the end of the three months any creditor

[1] [Reprinted by permission.]

may apply. In re Litchfield [Case No. 8,398]. Therefore the creditor can always bring about a settlement in a reasonable time, and the bankrupt cannot injure him by delay.

Before McKENNAN, Circuit Judge, and CADWALADER, District Judge.

THE COURT held that the application was made too late; that it was within the power of the bankrupt to have had a return of no assets made at any time by the assignee; and therefore, the proceedings having long since come to a practical end, he could not claim that they were pending until the formal return by the assignee. Judgment affirmed.

POTTER (ATLEE v.). See Case No. 636.

## Case No. 11,321.

### POTTER et al. v. BRAUNSDORF et al.

[7 Blatchf. 97.] [1]

Circuit Court, S. D. New York. Dec. 30, 1869.

PATENTS—CONSTRUCTION—SEWING MACHINES—INFRINGEMENT—REISSUE TO ASSIGNEE—EXTENSION TO PATENTEE.

1. The great feature of the invention of John Bachelder, embodied in the reissued patent granted to him, December 12th, 1865, for an "improvement in sewing machines," was the production of a sewing machine in which the cloth to be sewn is supported horizontally and is fed through the machine perpetually.

2. The sewing machine called the Aetna machine infringes the first, second, third, fourth, fifth, sixth, and eleventh claims of that patent, and those claims are not invalid for want of novelty.

3. The original patent was granted to Bachelder May 8th, 1849. It was reissued to his assignee November 2d, 1858, the specification of such reissue being signed by the assignee and not by Bachelder. Such reissue was not assigned to Bachelder. The original patent was, on his application, extended to him by the commissioner of patents, the certificate of extension being made on a copy of such original, because of the loss of such original, and not on the original itself or on such reissue: *Held*, that such extension was valid. The case of Potter v. Holland [Case No. 11,329], cited and applied.

[Cited in Bachelder v. Moulton, Case No. 706; Potter v. Stewart, 7 Fed. 215.]

[This was a bill in equity by Orlando B. Potter and others against Julius E. Braunsdorf and Henry Weil.]

This was a final hearing, on pleadings and proofs, of a suit in equity for a perpetual injunction and an account of profits, founded on the alleged infringement of letters patent reissued to John Bachelder December 12th, 1865 [No. 2,135], for an "improvement in sewing machines." The original letters patent were granted to Bachelder, as inventor, May 8th, 1849 [No. 6,439], for fourteen years. Isaac M. Singer and Edward Clark having

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]