DIECKERHOFF and others *v.* ROBERTSON, Collector.

(*Circuit Court, S. D. New York.*   January 7, 1887.)

CUSTOMS DUTIES—ACTION TO RECOVER BACK—BILL OF PARTICULARS—AMEND
MENT—REV. ST. U. S. §§ 2931, 3012.

In suits to recover duties illegally exacted by collectors of customs, while,
notwithstanding the mandatory language of Rev. St. U. S. § 3012, which enacts that suit shall not be maintained unless the bill of particulars containing
the matters specified be served within 30 days after due notice of the appearance of the defendant, amendments as to formal matters not involving substantial rights, which had been omitted or misstated by inadvertence, may be
allowed, the court will not allow an amendment which will introduce a new
cause; as, where two suits are brought, the transfer to one of them, brought
within the short bar of 90 days from the decision of the secretary of the treasury, provided by Rev. St. U. S. § 2931, of the cause of action in the other,
which was not brought until after the expiration of that limitation.

At Law.   Motion to amend bill of particulars.

The moving affidavit of the plaintiffs showed: (1) That two suits between the same parties were pending,—one numbered 9,187, and the
other 10,072.   (2) The first suit was brought within 90 days after the
decision of the secretary of the treasury on the appeal to him under section 2931, Rev. St. U. S.   (3) The second suit was not commenced until more than a year had elapsed after the decision of the secretary of the
treasury.   (4) The plaintiffs did not know, at the time of the commencement of the first suit, that any decision had been made by the secretary
of the treasury on their appeal, covering the entries in the second suit.
(5) A bill of particulars in each suit was served within the statutory
time.   Section 3012, Rev. St. U. S.   (6) The plaintiffs asked for an
amendment to the bill of particulars in the first suit, by adding or transferring thereto 11 entries contained in the bill of particulars in the second suit.

*Dudley F. Phelps,* for the motion, cited *Pott* v. *Arthur,* 15 Blatchf. 314.

*Henry C. Platt,* Asst. U. S. Atty., opposed, cited Rev. St. U. S. §§
2931, 3012; *Williams* v. *Cooper,* 1 Hill, 637; *Arnson* v. *Murphy,* 115 U.
S. 579, 586; S. C. 6 Sup. Ct. Rep. 185.

WALLACE, J.   Since the decision in *Pott* v. *Arthur,* 15 Blatchf. 314,
this court has frequently exercised the power of permitting plaintiffs, in
suits to recover duties illegally exacted by collectors of customs, to amend
the bill of particulars as to essential contents, notwithstanding the mandatory language of section 3012, Rev. St. U. S., which enacts that the
suit shall not be maintained unless the bill of particulars containing the
matters specified be served within 30 days after due notice of the appearance of the defendant.   In that case Judge BLATCHFORD construed
the statute as directory merely, and allowed the dates of the invoices
which had been omitted to be supplied by amendment.   In subsequent
cases, when a similar application has been made, the amendment sought
has always been as to some formal matter, not involving any substantial
rights of the defendant which had been omitted or misstated by inad

vertence; and the United States attorney, probably feeling that it was hardly consistent with the dignity of the government to seek to defeat a just claim by insisting upon a trivial slip in practice, has not opposed the application further than by refusing to consent to its allowance. The present motion, however, stands upon a different footing, and the effort is now made by the plaintiff, by an amendment of the bill of particulars, to transfer a cause of action, pending in another suit brought by the plaintiff against the defendant, (No. 10,072,) to recover duties from that suit to this, (No. 9,187.) No 10,072 was not brought within 90 days after the decision of the secretary of the treasury upon the appeal relative to the duties in question, and consequently will be defeated by the short bar of section 2931, Rev. St. This suit, brought to recover other items of duties, was brought within 90 days after the cause of action in No. 10,072 accrued; and under the form of the complaint, if the plaintiff can amend his bill of particulars, he can try his right to recover for the duties which cannot be recovered in the other suit. In effect, the court is asked, where a plaintiff has brought two suits for causes of action that might have been united in the first of them, and is met by a defense in the second which is fatal, to allow him to amend his pleadings in the first, and introduce as a new cause of action the one which he cannot sustain in the second suit.

Although section 954, Rev. St. U. S., confers power upon the courts of the United States to exercise the widest discretion in permitting amendments of pleadings, it would be an abuse of this discretion to permit a plaintiff thereby to revive a cause of action that is dead. In *The Harmony*, 1 Gall. 123, Judge STORY said:

"That the statute of limitations would run against a cause of action then before the court has been held a good reason for allowing an amendment as to such cause of action. But in such cases the court will not admit of an amendment, if it be to introduce a new substantive cause of action, or new charge against the defendant."

He refused to allow the amendment, because it sought to introduce a new substantive charge, and the cause of action would be gone on an original information.

To permit the amendment now asked for would be a palpable violation of section 2931, which, in declaring that the decision of the secretary shall be final and conclusive unless suit is brought within 90 days after the decision, evinces in the plainest terms the intention of congress that this class of actions, which could not be maintained at all except for the permission of congress, shall be brought within that period or not at all.

The motion is denied.