## RICKARD *v.* BARNEY.

*(Circuit Court, S. D. New York.* October 17, 1887.)

1. CUSTOM DUTIES—ACTION TO RECOVER—AMENDMENT OF BILL—LAPSE OF TIME.

An action against the collector to recover excess of duties paid under protest was begun January, 1866. The bill of particulars was served the following February, an amended bill in December of the same year, and a further amended bill November 3, 1882. The earliest entry was of date April 29, 1861. In the latter part of 1887 the plaintiff moved to further amend. Neither the merchandise, the vessel, nor the dates of invoice, entry, payment, or protest, were, as to the items forming the subject of the motion, stated in the bill. In fact, the dates, as proposed, were "January, 1861." *Held,* that, although under Rev. St. U. S. § 954, providing for amendments for defects of form, the court had power to allow amendments of the bill of particulars after the 30 days limited by Rev. St. U. S. § 3012, the discretion was to be exercised only in extreme cases, and the plaintiff was not within the rule.

2. SAME.

The act of congress of February 18, 1867, provides (section 1) that all such suits or prosecutions as have been or shall be commenced under any prior acts of congress repealed or supplied by the act of July 18, 1866, for acts committed previous to that date, shall be tried and disposed of, etc., as if the act of July 18th, had not been passed. Section 26 of that act, requiring service of a bill of particulars in actions to recover excess of duties paid under protest within 30 days after notice of defendant's appearance, was re-enacted in Rev. St. § 3012. *Held,* that the question of the repeal of Rev. St. § 3012, by the act of February 18, 1867, was not before the court on a motion to amend such bill of particulars.

3. SAME—ACTION TO RECOVER—NOTICE—SUFFICIENCY.

The original bill of particulars had the following phrase at the bottom: "E. and O. E. Above intended to include all entries upon which duties and fees were paid by plaintiff to defendant between April 8, 1861, and September 8, 1864." *Held,* that the sufficiency of the notice was to be determined on the trial, and not on motion to amend the bill of particulars.

Action to Recover Excess of Duties paid under protest. On motion to amend bill of particulars.

*Almon W. Griswold,* for the motion.

*Stephen A. Walker,* U. S. Atty., and *Thomas Greenwood,* Asst. U. S. Atty., opposed.

LACOMBE, J. This action was begun in January, 1866. A bill of particulars was served in February, 1866, an amended bill in December, 1866, and a further amended bill on November 3, 1882. This last bill sets forth the plaintiff's claim as for "excess of duty paid under protest on worsted and cloth dress goods above 35 per cent., and for excess of fees paid for oaths to entries, stamps on invoices, and orders

from one department of the custom-house to another, on importations upon which such duties and fees were paid by plaintiff to defendant by the following vessels." Then follows the name of the importer, and an enumeration of the names of the vessels and dates of entry. A motion is now made to amend this bill of particulars by inserting after the word "worsted" the words, "mousseline delaines above 19 per cent.," and also to insert at the head of the list of entries those of, "Australasian, January, 1861," and "Palestine, January, 1861." The earliest entry now on the list is under date of April 29, 1861. In support of the application, plaintiff refers to three decisions of this court, viz.: *Marks* v. *Barney*, *Kaupe* v. *Barney*, and *Kemys* v. *Redfield*. Mere decisions, unaccompanied as are these with any expression of opinion, are unsatisfactory precedents. An examination of the papers in these three cases, however, does not indicate that they go to the length which counsel contends for. In the first two plaintiff sought leave to amend by including as to each of several importations already enumerated a claim for excess of fees in addition to excess of duties. This was only changing the amount stated to be due under causes of action already enumerated; it did not add to the enumeration a distinct and separate cause of action. *Bartels* v. *Schell*, 16 Fed. Rep. 341. In *Kemys* v. *Redfield* the amendment was allowed after verdict, and then only upon a stipulation by plaintiffs that they would set aside the verdict if defendant so desired. Manifestly this was a peculiar case in which relief was accorded to both parties.

In the absence of any controlling authority in support of the present application, it should be denied. The provision of the statute requiring a bill of particulars when demanded by the defendant in these cases is a salutary one, manifestly intended to restrict the importer to his original claim, without such modifications as subsequent decisions or a more careful examination of the facts might induce him to advance. From and after the 30 days limited by the statute, the defendant is entitled to be advised as to what issue he is to try. It is true that it has been held in this circuit that the court has power, under section 954, to allow amendments to a bill of particulars after the thirty days, (*Pott* v. *Arthur*, 15 Blatchf. 314,) but that discretion will be exercised only in extreme cases, and not to the extent of making the provisions of section 3012 practically of no effect. In the case last cited the original bill contained all the particulars required by section 3012 except the dates of the invoices. It was received and retained by defendant's attorney without notice that it would not be accepted as sufficient, and defendant's attorney subsequently treated the action as one to be tried, and as one in which a proper bill of particulars had been served in time by serving notice of trial. Under these circumstances plaintiff was allowed to insert the dates of the invoices. Here neither the merchandise, the vessel, nor the dates of invoice, entry, payment, or protest, are, as to the two items forming the subject of this motion, stated in the bill. Intermediate the service of the first bill of particulars and the service of the moving papers, a period of 21 years, there has been nothing done by the plaintiff to notify the defendant that any claim was made on mousseline delaines or on

importations by these vessels on the dates specified. The considerations which induced the decision in *Pott* v. *Arthur* are not found in this case.

It is further contended by the plaintiff that the phrase at the bottom of the bill of particulars, "E. & O. E. Above intended to include all entries upon which duties and fees were paid by plaintiff to defendant between April 8, 1861, and September 8, 1864," is sufficient notice. Its sufficiency should properly be determined on the trial. If it is sufficient, this motion is unnecessary.

The plaintiff further contends that his suit is covered by the act of February 18, 1867; that, therefore, the provisions of section 3012 do not apply; and that no detailed bill need be served. This question is not before the court on the present motion. It will come up for decision when plaintiff seeks to recover without having first served such detailed bill. If a bill in the form of the one last served by him is essential to his recovery, he cannot be allowed to amend it in the particulars asked for after this lapse of time. Motion denied.