CASTNER *v.* MAGONE.   CONANT and others *v.* SAME.   AVIS and others
*v.* SAME.

*(Circuit Court, S. D. New York.   November 7, 1887.)*

1. CUSTOMS DUTIES—ACTION TO RECOVER—BILL OF PARTICULARS—SERVICE OF.
    Where plaintiff in an action to recover, from a collector of customs, duties
    alleged to have been illegally exacted, fails to serve a bill of particulars
    within 30 days after defendant's appearance, as required by section 3012, Rev.
    St., judgment of *non pros.* must be entered against him.
2. SAME.
    The court has no power to grant an application by plaintiff for leave to
    serve a bill of particulars *nunc pro tunc* after the expiration of 30 days from
    defendant's appearance.
3. SAME.
    Section 3012, Rev. St., is *mandatory,* not *directory,* in its provisions.   *Pott v.
    Arthur,* 15 Blatchf. 314, modified and distinguished.

These three cases were suits against a collector of customs for the re-
covery of duties paid in excess.   Defendant appeared by attorney on
August 17, 1887.   Plaintiffs procured from defendant's attorney exten-
sions of time to serve their complaints, which were served on September
30, 1887.   The bills of particulars were annexed to the copies of the
complaints so served.   Defendant moved for judgments of *non pros.,* un-
der section 3012, Rev. St.

*Stephen A. Walker,* U. S. Atty., and *W. Wickham Smith,* Asst. U. S.
Atty., for the motion.

*Alexander P. Ketchum, contra.*

LACOMBE, J.   In these three cases motion is made by the defendant
for judgment of *non pros.* against the plaintiffs, under section 3012, Rev.
St.   This motion is based upon an affidavit showing that the action is
one to recover from the defendant duties alleged to have been errone-
ously or illegally exacted by him as collector of customs at the port of
New York; that the defendant duly appeared by attorney on the seven-
teenth of August, 1887, by the service upon the attorney for the plain-
tiffs on said date of a notice of appearance; and that no bill of particu-
lars, as required by section 3012, Rev. St. U. S., has ever been served,
although the 30 days limited by the said section has long since expired.
In opposition to defendant's motion, plaintiff in each case submits an
affidavit by which the following facts appear:   The 30-days limit by the
section above cited was the sixteenth day of September, 1887, and on
that day application was made for an extension of time to serve the com-
plaint; plaintiff's attorney supposing that his clerk had, in accordance
with his instructions, obtained at the same time an extension of time
for the service of the bill of particulars.   On the thirtieth of September,
1887, and within the time covered by such extension, plaintiff served a
copy of the complaint, to which was annexed a bill of particulars.   Upon
the argument of the motion in open court, the plaintiff's attorney applied
for leave to serve a bill of particulars *nunc pro tunc.*

It is unnecessary to consider the sufficiency or insufficiency of the excuse presented in these cases. This court is without power to allow the service *nunc pro tunc* of the bill of particulars required by section 3012, Rev. St. The decision in *Pott* v. *Arthur*, 15 Blatchf. 314, is authority only for the allowance of amendments as to some formal matter not involving any substantial right of the defendant, and then only under peculiar circumstances. The statement in the opinion that the statute was "directory merely" is an *obiter dictum*, and has not been followed in this court to the extent of allowing bills of particulars to be served subsequent to the date named in the statute. A similar application to that of the plaintiff was denied by Judge WALLACE in *Schwietering* v. *Hedden*, (February, 1887, not reported,) upon the ground that the court had no power to grant such relief.

The application of the plaintiffs for leave to serve bills of particulars *nunc pro tunc* is therefore denied, and defendant's motion for judgment of *non pros.* is granted.