## SHERMAN *v.* HEDDEN.

*(Circuit Court, S. D. New York.* December 1, 1887.)

CUSTOMS DUTIES—ACTION TO RECOVER—BILL OF PARTICULARS.

Where the bill of particulars served by plaintiff in a suit against a collector of customs to recover excess of duties alleged to have been illegally exacted does not contain all the items required by section 3012, Rev. St., the court is without power to grant leave to amend *nunc pro tunc.*

On rehearing. See *ante,* 756.

*William Force Scott,* for the motion.

*Stephen A. Walker,* U. S. Atty., and *W. Wickham Smith,* Asst. U. S. Atty., opposed.

LACOMBE, J.   Careful consideration has been given to the points presented by the plaintiff upon the reargument of this motion.   The result of a re-examination of the whole question is, however, but confirmatory of the opinion expressed by the court upon the reargument—that it is without power to grant the relief asked for.

If the original statute (chapter 201 of the Laws of 1866, § 36) and the section of the Revised Statutes (3012) in which it is re-enacted were mere regulations of procedure in court, the provisions of section 954 of the Revised Statutes would, no doubt, confer upon the court the power now invoked.,   The sections cited, however, seem, in unmistakable language, to provide a statutory limitation upon the right of recovery; and the mere use of the phrase "Bill of Particulars" does not alter their effect.   If the question arose upon the trial of the case whether the plaintiff might recover in the absence of proof showing that he had within the time limited served the notice which the statute calls for, there can be no doubt that it would be held to be as necessary a prerequisite as is the service of the notice of protest, or of the notice of appeal; and it would surely not be claimed that either of those notices might be amended by the court.

In the recent instances referred to (see *Dieckerhoff* v. *Robertson,* 29 Fed. Rep. 781, and the original opinion on this motion, *ante,* 756,) where amendments of similar bills of particulars have been allowed, the objection now taken was not urged, and it does not seem to have been distinctly presented to the court in *Pott* v. *Arthur,* 15 Blatchf. 314, the provisions of section 3012 being therein disposed of as if it were merely a regulation of procedure.   The application to vacate the order denying leave to amend is therefore denied; but the original order may be modified by adding a clause to the effect that the application is denied solely on the ground of want of power.   Thus the plaintiff, should he seek to review this decision, will not be prejudiced by any suggestion that the discretion of the court was exercised against him.